**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>NORIS M. FLORES<br>Debtor | Case No. 26-12134-amc |
| HSBC Bank USA, N.A., as Trustee for the registered holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1,<br>Movant<br><br>vs.<br>NORIS M. FLORES<br>Respondent | Chapter 13<br><br>11 U.S.C. §362 |

**ORDER MODIFYING §362 AUTOMATIC STAY**

**AND NOW**, this _______ day of _________________, 20____, at **PHILADELPHIA**, upon Motion of HSBC Bank USA, N.A., as Trustee for the registered holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1 (Movant), it is:

**ORDERED:** that Movant shall be permitted to reasonably communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. §362 is granted with respect to, 3910 N Smedley Street, Philadelphia, Pennsylvania 19140 (hereinafter the Premises) (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises) , as to permit Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; and it is further;

**ORDERED** that the Trustee is directed to cease making any further distributions to the Creditor; and it is further

**ORDERED** that Rule 4001(a)(4) is not applicable and may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

______________________________
Ashely M. Chan
CHIEF BANKRUPTCY JUDGE